UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM C. SPENT, JR. d/b/a<br>SPENT SADDLERY & FEEDS | §<br>§ | |
| Plaintiff, | §<br>§ | |
| V. | § | CIVIL NO. SA-11-CA-307-XR |
| | § | |
| MONTANA SILVERSMITHS, INC.,<br>ET AL | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

**ORDER**

On this day came on to be considered Plaintiff's motion for partial summary judgment (doc. no. 40), and Objections to the January 18, 2012 Order regarding Discovery entered by the Magistrate Judge.

**Background**

Plaintiff, William C. Spent, Jr. (Spent) owns and operates Spent Saddlery and Feeds (Spent Saddlery). Spent Saddlery is a retail store that sells western wear, custom buckles, saddles, tack and related merchandise. In 1990 Spent created a logo depicting three riders "penning" three head of cattle.[1] In 1991, Spent registered the Team Penning logo with the United States Copyright Office.

In 2000, Spent contracted with Award Design Medals, Inc. (Award Design) to create a die and produce a motif featuring the Team Penning logo. Award Design created the die and it included

---

[1] "In Penning, teams of three horse and rider combinations use their combined athleticism, horsemanship and general 'cowiness' to humanely separate particular cows and herd them into the penning area in under 60 seconds." United States Team Penning Association, http://www.ustpa.com/default.asp?cat=what.

a copyright notice. Spent gave Award Design limited rights to use the Team Penning logo to create belt buckles and other products exclusively for Spent.

At some unspecified time, someone associated with Award Design changed the Team Penning logo to create a mirror image of the work. The copyright notice was also deleted from this "Reflected Work."[2]

Award Design admits that it used a mirror image of the Team Penning logo. Award Design states that it ceased operations (except for ownership of certain real property) in April 2001 and that as of that date it no longer possessed any dies or equipment.

Sometime after July 31, 2000, Arena Brands, Inc., a predecessor company to Defendant Montana Silversmiths, Inc., purchased certain assets of Award Designs. Among the assets acquired were four dies. Three dies (TC403, TC700 and TC761) were used to make products that were only sold to Spent. A fourth die. The reverse image of Team Penning logo) became Montana Silversmith product No. 831 (Ranch Rodeo).

Defendant Montana Silversmiths Inc. alleges that for "approximately eight years" it sold 1,146 items of product no. 831.[3] It alleges that total sales from this product equaled $17,102 and net profits equaled $5,930. Group Montana, Inc. alleges that it is merely the parent corporation and has never sold any of the items at issue in this lawsuit. Plaintiff complains that as of September 2011, distributors of Montana Silversmiths were still advertising the Ranch Rodeo on their websites.[4]

---

[2] A 2001 Award Design catalog included the infringing Reflected Work as a sales item.

[3] After receiving a complaint from Spent in 2010, Montana Silversmiths, Inc. States that it removed the Team Penning logo from sale. It has had no sales of this item since June 2010.

[4] The distributors identified were Cultured Cowboy and Gold Mountain Trading LLC.

**Plaintiff's Motion for Partial Summary Judgment**

Plaintiff argues that as a matter of law, Montana Silversmiths, Inc. and Award Design Medals, Inc. engaged in copyright infringement.[5] Award Design does not contest that it engaged in copyright infringement, but denies that its conduct was willful because it does not know which employee engaged in the conduct and why. Montana Silversmiths, Inc. argues that despite Award Design's admission, a fact issue remains whether the Reflected Work is a mirror image of Plaintiff's protected work.

**Magistrate Judge's Memorandum and Recommendation**

Plaintiff's motion for partial summary judgment was referred to a Magistrate Judge for a recommendation. Having made a de novo review of the objections raised by the Defendants to the Memorandum and Recommendation, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the objections are without merit. Award Design does not contest that it engaged in copyright infringement. Although Montana Silversmiths, Inc. argues that it believed itself to be a valid owner of the Team Penning logo, this is not a defense to the copyright

---

[5] "To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity. *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 367 (5th Cir. 2004). Factual copying and substantial similarity have sometimes been collectively termed "actionable copying." *Id.* The second prong, factual copying, can be proved by direct or circumstantial evidence. To make out a circumstantial claim, a plaintiff must prove that (1) the defendant had access to the copyrighted work before creation of the infringing work and (2) the works contain similarities that are probative of copying. *Id.* at 367-68. In other words, for the circumstantial case of factual copying, the combined existence of access to the copyrighted work and similarities between the two works establishes the assumption as a matter of law that copying in fact occurred. Once a plaintiff circumstantially establishes factual copying, the defendant may rebut the circumstantial evidence if he can prove that he independently created the work. *Positive Black Talk*, 394 F.3d at 367-68. Alternatively, factual copying may be proved by showing such a "striking similarity" between the two works that the similarity could only be explained by actual copying. *Id.* at 371 n. 10." *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007).

infringement claim, although this argument is relevant to the issue of willfulness.[6]  Montana Silversmiths, Inc.'s alternative argument that despite Award Design's admission, a fact issue remains whether the Reflected Work is a mirror image of Plaintiff's protected work, is merely conclusory and not competent summary judgment to create a material fact issue.  Similarities between the two works establishes the assumption, as a matter of law, that copying in fact occurred.

Plaintiff's motion for partial summary judgment against Montana Silversmiths, Inc. and Award Design Medals, Inc. for copyright infringement is GRANTED.  To the extent, however, Plaintiff was seeking summary judgment on the issue of willfulness that is denied.

## Discovery Disputes

On October 13, 2011, Plaintiff filed a motion to compel written discovery and inspection of premises against Montana Silversmiths, Inc.  In that motion, Plaintiff complained that Defendant raised "boilerplate and unsubstantiated objections."  Plaintiff requested that Defendant provide "all your accounting records showing revenues from 2000 to the present", "all your tax returns from 2000 to the present", "all your profit and loss statements from 2000 to the present", "all your balance sheets....", "all your check registers", "copies of your corporate bylaws."  Likewise, Plaintiff's interrogatories sought similar information. On October 14, Plaintiff filed a motion to compel written discovery from Award Design.  Plaintiff complained that Award Design wholly failed to respond to its discovery requests within the requisite time frame.  Award Design subsequently provided some

---

[6] "An infringement, like a trespass, may be committed unknowingly. In such situations, the amount of damages manifestly can have no effect to deter an unknowing infringer. Basic damages, which are at issue here, fall on the innocent and the culpable to the same extent." *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1574 (Fed. Cir. 1995).

of the information requested and declined to provide other information citing its status as a non-active corporation with few, if any relevant documents in its possession.

On January 18, 2012, the Magistrate Judge issued an Order denying Defendants' objections and granting Plaintiff's motions to compel.  The Magistrate Judge concluded that the discovery sought was reasonably calculated to lead to the discovery of admissible evidence regarding damages and the additional claims raised in Plaintiff's amended complaint.  Both Defendants now file objections to the January 18 Order.

The Court agrees with Defendants' objections and concludes that many of the requests for production and interrogatories are overly broad. *See* FED. R. CIV. PRO. 26 ("The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account *the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation*, and the importance of the proposed discovery in resolving the issues.") (emphasis added).  In addition, this Court concludes that any actual physical inspection of the Defendants' property or financial records is overly intrusive. The Court vacates the January 18 Order.  Given the filing of Plaintiffs' Second Amended Complaint, the Court concludes that the following general guidance should be given to the parties: (1) the parties should confer as to whether a new scheduling order should be entered, (2) Plaintiff may tender new requests for production and interrogatories to the Defendants, however, the requests must be limited to the infringing products at issue (Team Penning logo/Ranch Rodeo/Crescent H and Bar J) and the sales and profits derived by the Defendants from these products; (3) net worth information may be obtained by a sworn affidavit; and (4) although Plaintiff is certainly free to

question the Defendants' assertions of limited sales of the infringing products, a referral to non-binding mediation may be of assistance given the possibility of limited actual damages.

## Conclusion

Plaintiff's motion for partial summary judgment against Montana Silversmiths, Inc. and Award Design Medals, Inc. for copyright infringement is GRANTED. To the extent, however, Plaintiff was seeking summary judgment on the issue of willfulness that is denied. Defendants' appeal of the Magistrate Judge's Order Compelling Discovery is GRANTED and the Magistrate Judge's order is VACATED. The parties are instructed to proceed with discovery in a manner consistent with the guidance provided in this order.

SIGNED this 7th day of February, 2012.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE